## BLINDNESS RESULTING FROM USE OF WOOD ALCOHOL IN VARNISH.

Circuit Court of Hamilton County.

THE HERANCOURT BREWING CO. v. JOSEPH FRANK. *

Decided, January 30, 1909.

*Negligence—Master and Servant—Fumes of Wood Alcohol Cause a Brewery Employe to Lose his Eyesight—Safe Place to Work— Assumed Risk—Pleading—Charge of Court—Bill of Exceptions— Weight of Evidence—Expert Witnesses.*

1. Under the rule that a master can be held liable only for acts negligently done or omitted and so alleged, it is necessary to aver that the appliance used was negligently selected, or that there was a failure to warn the servant of the danger connected with its use.
2. A charge which authorizes the jury to return a verdict for the plaintiff, in the event they find that certain facts are true, is erroneous when the essential fact constituting the negligence is omitted.
3. The fact that a witness is a dealer in brewers' supplies and technical machinery does not qualify him to testify as an expert as to whether or not Columbian spirits are poisonous, if applied as a compound of shellac in an enclosed area.
4. Questions requiring an argumentative answer, or which appeal to the prejudice of the jury by introducing irrevelant facts, are not only erroneous, but should draw from the court a caution against any further attempt to influence the jury in that manner.
5. Where exhibits are found to be missing from a bill of exceptions at the time it is offered for signature, the time for signing should be extended under the statute, rather than go to the upper court with an incomplete bill, or attempt to make it complete by subsequently attaching the exhibits without the consent or knowledge of the trial judge.

*Robertson & Buchwalter* and *Roettinger & Gorman,* for plaintiff in error.

*Stricker & Johnson,* contra.

* For the facts in this case and opinions previously rendered, see 5 N. P. —N. S., 281; 5 O. L. R., 559, and 5 O. L. R., 577.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The negligence of the defendant brewing company is charged in the second amended petition as follows:

"That defendant negligently, carelessly and in total disregard of its duty to plaintiff, failed and omitted to supply or offer to supply the plaintiff with such mask or head-protector or any other appliance or means to avoid the harmful and dangerous consequences connected with the use of said varnish and that had the plaintiff been supplied with such mask, helmet or head-protector, he would have escaped all the injuries herein complained of."

Also as follows:

"That he is permanently and incurably blind, all of which was directly caused by, and is due to, the use of said varnish or shellac as aforesaid."

The other allegations show what duty devolved upon the defendant, and lay the foundation for the specific charge of negligence. There is no allegation that the varnish used was negligently selected from among others in the market, and so far as the pleading discloses was the only material suitable for coating the inside of beer casks; nor is there any averment that the defendant negligently failed to warn plaintiff of the danger. The defendant can be held liable only for acts negligently done or omitted and so charged. *Railroad Co.* v. *Kistler,* 66 O. S., 326; *Railroad Co.* v. *Lockwood,* 72 O. S., 586.

The duty of a master to provide a "safe place" in which to work is not involved under the pleadings or the evidence; and the claim of counsel may be aptly answered in the language of the Supreme Court in the case of *Coal & Mining Co.* v. *Adm'r of Clay,* 51 O. S., 542, at 558:

"Here the place was not furnished as in any sense a permanent place of work, but was a place in which surrounding conditions were constantly changing, and instead of being a place furnished by the master for the employes within the spirit of the decisions referred to, was a place the furnishing and preparation of which was in itself part of the work which they were employed to perform."

The first special instruction to the jury given at the request of plaintiff is in substance, if you find from the evidence that plaintiff had no knowledge of the danger, that the defendant knew or ought to have known the dangers, yet failed to warn the plaintiff thereof, and in consequence thereof plaintiff sustained the injuries complained of, your verdict must be for plaintiff.

These facts were all necessary to be found by the jury as leading up to the essential fact constituting the negligence charged, to-wit, the failure to supply the plaintiff with a mask or other means to avoid the danger of using the varnish, but did not alone amount to negligence as charged. It was error to give this charge; but it will no doubt be claimed that it was not prejudicial, because the jury found in answer to an interrogatory that the failure to provide masks and properly ventilate the casks caused plaintiff's blindness. They do not, however, find that such failure was due to negligence of the defendant. Another interrogatory requiring a statement of the *negligent* acts of the defendant causing plaintiff's blindness was submitted to the court, but refused. Why, does not appear. We think it was a proper question to be submitted to the jury; but the error seems not to be urged in the petition in error either specifically or generally.

Special instruction No. 5 given at the request of the plaintiff is not accurate in stating the duty of defendant, to-wit, "the defendant knew or in the exercise of ordinary care *ought* to have known of such dangers."

What a master ought to know is the measure of his duty in the premises, but that duty is ascertained by what he *would* know by the exercise of ordinary care.

The witness, J. A. J. Mager, was neither a chemist nor a physician, and had no experience in varnishing beer-casks, but was in the business of brewers' supplies and technical machinery. It seems to us therefore that he was not qualified as an expert to answer such questions as the following:

"State, if you know, whether or not Columbian spirits is poisonous, if used or applied as a compound to shellac in an enclosed area such as a brewer's beer vat?"

Besides it was a precise issue of fact to be determined by the jury from the evidence. *Fowler* v. *Delaplain,* 79 O. S., —.

William Forn, a brewmaster, was asked by counsel for plaintiff in his examination in chief the following question:

"What would you say as to the necessity of heating the casks until they are so hot on the inside you can feel the heat on the outside with your bare hand? Is it necessary the casks be heated to such a degree before the operator applies the varnish? There being, if you please, no ventilation in the cask save a manhole at the bottom one to two feet in diameter and a bung-hole at the top two inches in diameter, and the varnisher not being supplied with a mask but a moistened sponge worn around the mouth and nose?"

It is hardly necessary to ask what relation the bung-hole, the man-hole, the absence of a mask, and the presence of a sponge over the mouth and nose of the varnisher have to the necessity of heating the cask; but it *is* pertinent to inquire why encumber the record with such questions until the bill of exceptions reaches the enormous bulk of ten hundred and thirty-six type-written pages, and why appeal to the passion and prejudice of the jury by an irrelevant question put to a witness? The court should not only have sustained the objection to the question, but cautioned counsel against any further attempt to influence the jury in that manner.

The same witness was asked the following:

"Why do you use pure grain shellac varnish and not Columbian spirits varnish?"

His motive or reason for doing the act was not in issue, nor relevant to any fact in issue, and the question called for an argumentative answer, which was given as follows:

"Because I know the dangers of wood alcohol and Columbian spirits; regardless of the fact that we can make a cheaper varnish, we do not employ Columbian spirits or wood alcohol."

We have not weighed the evidence to ascertain whether the verdict is sustained by sufficient evidence, because the trial judge has certified that the bill of exceptions does not contain

all the evidence, in that two exhibits are wanting. At the time the bill was signed it was discovered that these exhibits were not attached and the judge so certifies. They were soon after found in the custody of the clerk of the court, and attached to the bill without the consent of the judge and after the time for signing the bill had expired. While it is not the duty of the trial judge to prepare a bill of exceptions, yet under the circumstances the better course would have been to extend the time under the statute for allowing and signing the bill, so that counsel, who were without blame, could search for the missing exhibits. With the record incomplete, and a want of power to weigh the evidence, we are constrained to hold that the errors in giving special instruction No. 1, and in admitting incompetent and irrevelant testimony were prejudicial, for which the judgment is reversed and the cause remanded for a new trial.